UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RA-NU-RA-KHUTI-AMEN BEY,

          Plaintiff,

v.　　　　　　　　　　　　　　　CASE No. 8:16-MC-139-T-23TGW

PAT FRANK, *et al.*,

          Defendants.

_____

### REPORT AND RECOMMENDATION

THIS CAUSE came on for consideration upon the *pro se* plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (Doc. 8) pursuant to 28 U.S.C. 1915 seeking a waiver of the filing fee for his complaint against the defendants.

Under 28 U.S.C. 1915(a)(1), the court may authorize the filing of a civil lawsuit without prepayment of fees if the affiant submits an affidavit that includes a statement of all assets showing an inability to pay the filing fee and a statement of the nature of the action which shows that he is entitled to redress. Even if the affiant proves indigency, the case shall be dismissed if the action is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. 1915(e)(2)(B)(i), (ii).

Previously, the plaintiff was directed to complete an application to proceed *in forma pauperis*, and to file a complaint that complies with the Federal Rules of Civil Procedure and the Local Rules (Docs. 3, 5). The plaintiff has submitted various documents, including his application to proceed *in forma pauperis*, two complaints and two statements of jurisdiction (Docs. 6, 7, 8, 9, 10, 11). The plaintiff, therefore, has ignored the previous order directing the plaintiff to file a complaint, meaning one, which complies with the Federal Rules of Civil Procedure and the Local Rules. Further, the plaintiff's complaints are procedurally inadequate (Docs. 6, 7). Thus, there is not "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief" or a statement of the grounds upon which the court's jurisdiction depends. Rule 8, Fed.R.Civ.P. There is simply no cogent allegation of a claim for relief over which this court would have jurisdiction.

For these reasons, the plaintiff's complaint is deficient and is subject to dismissal. 28 U.S.C. 1915(e)(2)(B)(ii). However, it is appropriate to afford the plaintiff an opportunity to file an amended complaint. See Troville v. Venz, 303 F.3d 1256, 1260 n.5 (11th Cir. 2002) (§1915(e)(2)(B)(ii) dismissal does not allow the district court to dismiss an in forma pauperis complaint without allowing leave to amend as permitted under Fed.R.Civ.P.

15). I therefore recommend that the complaint be dismissed, but allow the plaintiff to file within thirty days an amended complaint that complies with the Federal Rules of Civil Procedure.

Respectfully submitted,

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: DECEMBER 27, 2016

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.